UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                                                    Case No.:   2:19-cr-149-SPC-NPM

IAN DOUGLAS MCGUIRE
                                                          /

## ORDER

Before the Court are Defendant Ian Douglas McGuire's Motion for Early Termination of Supervised Release (Doc. 172), and the Government's opposition (Doc. 174).

In 2021, the Court sentenced Defendant to 60 months of imprisonment followed by three years of supervised release for conspiracy to commit stalking and stalking. (Docs. 157, 159). Defendant was released in March 2023 and began his three-year term of supervised release. But he now seeks early termination of that supervision. (Doc. 172).

He explains that he is in complete compliance with his supervised release, the United States Probation Office ("USPO") has no objection to the early termination, and he has paid his restitution. Further, he completed a substance abuse and mental health treatment program and has had no issues since. Defendant maintains a full-time job and is financially stable. He lives on his own and wants to move back to Canada, where he has dual citizenship.

The USPO does not oppose early termination and reports that Defendant has not violated the conditions of his release. (Doc. 174 at 1). But the Government opposes Defendant's requested relief. (*Id.*).

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The relevant § 3553(a) factors are (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.

After considering the law against the record, the Court will not end early Defendant's supervised release for two reasons. First, he committed a serious crime. Defendant, along with third parties, engaged in a hideous, months-long campaign of harassment against a woman he met by chance at a farmer's market in Punta Gorda. Even after the woman obtained a state court injunction against him, Defendant stalked her, disclosed her address, and

mailed her hate mail, sex toys, feces, laxatives, and other objects. Not only did Defendant harass the victim, but he also threatened to rape her grandchildren, called her employer with false accusations, and threatened to burn down her family home. So the seriousness of his offense and the need to protect her and her family alone justify his continued supervision.

Second, although Defendant has abided by the conditions of his release, as the Government points out, such obedience to the Court's requirements is "expected and required rather than exceptional." (Doc. 174 at 6). While the Court commends Defendant's good behavior, in light of the disturbing and vicious nature of his crimes, it does not merit the unusual reprieve of termination of supervised release.

The Court thus finds that keeping Defendant on supervised release is in the best interests of justice, Defendant, and the public.

Accordingly, it is

**ORDERED**:

Defendant McGuire's Motion for Early Termination of Supervised Release (Doc. 172) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 14, 2025.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3